IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ADREAL CHLOE SCOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br>THE STATE BOARD OF ) <br>TECHNICAL COLLEGE SYSTEM OF ) <br>GEORGIA d/b/a SOUTHERN CRESCENT ) <br>TECHNICAL COLLEGE, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 5:25-CV-358 (MTT) ) |

## ORDER

On September 12, 2025, plaintiff Adreal Chloe Scott, proceeding pro se, filed her complaint against the State Board of Technical College System of Georgia d/b/a Southern Crescent Technical College. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Scott's motion to proceed IFP (ECF 2) is **GRANTED**. However, Scott's complaint lacks important factual allegations that she may have omitted because of her pro se status. Thus, the Court **ORDERS** Scott to amend her complaint by **October 3, 2025**.

### I. DISCUSSION

**A.  Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Scott's financial affidavit states she is unemployed and receives no monthly income. ECF 2 at 1-2. Scott's only other financial asset is a checking account with $259

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Id.* at 2. Accordingly, having considered Scott's financial affidavit, the Court finds that Scott is unable to pay the costs and fees associated with this lawsuit, and her motion to proceed IFP (Doc. 2) is **GRANTED**.

**B. Frivolity Review**

Because Scott is pro se and proceeding IFP, the Court must review and dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Scott is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Scott filed this action against Southern Crescent Technical College on August 25, 2025. ECF 1. Two weeks later, Scott filed an amended complaint.[3] ECF 3-2. In her amended complaint, Scott asserts three claims: (1) race discrimination under Title VI of the Civil Rights Act of 1964; (2) disability discrimination under the ADA; and (3) violations of the First and Fourteenth Amendments. ECF 3-2 at 3. Scott is seeking damages for "emotional distress, reputational harm, academic distress, lost wages, career delay, and long term therapy costs." ECF 3-2 at 4. However, Scott's amended complaint contains no factual allegations. Thus, the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief).

It is not clear whether the deficiency in Scott's amended complaint is because of the manner in which the allegations have been pled, or whether they simply lack substance. However, given Scott's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

---

[3] Because Scott amended her complaint, the Court's frivolity review considers only the allegations in the amended complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

For these reasons, Scott is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Scott shall have until **October 3, 2025** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Scott must link any claims she makes to a named defendant. If Scott fails to link a named defendant to a claim, the claim will be dismissed; if Scott makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Scott must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Scott list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Scott injured as a result of each defendant's actions?

The second amended complaint will take the place of and supersede Scott's first amended complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Scott may not refer to, or incorporate by reference, her prior complaints. The Court will not look back to the facts alleged in Scott's prior complaints once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling*, 811 F.3d at 1277.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Scott's motion to proceed IFP (Doc. 2) is **GRANTED**, and Scott is **ORDERED** to amend her complaint no later than **October 3, 2025**.

**SO ORDERED**, this 12th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
